1

2

3

4                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
5

6

7   PEDRO ROSALES-MARTINEZ,              )        3:10-CV-00748-ECR-VPC
                                         )
8        Plaintiff,                      )        <u>**Order**</u>
                                         )
9   vs.                                  )
                                         )
10  COLBY PALMER, individually and as    )
    a police officer for Reno Police     )
11  Department; HEIDI POE,               )
    individually and as an officer for   )
12  Washoe County Parole and Probation   )
    Department; K.M. LORENZO,            )
13  individually and as an officer for   )
    Washoe County Parole and Probation   )
14  Department; JENNIFER REICHELT,       )
    individually and as an officer for   )
15  Parole and Probation Headquarters    )
    General Service Unit Records;        )
16  WASHOE COUNTY, NEVADA; CITY OF       )
    RENO; GUADALUPE CORTEZ aka JORGE     )
17  ALGARIN; STATE OF NEVADA; JOHN       )
    DOES 1-100;                          )
18                                       )
         Defendants.                     )
19                                       )
                                         )
20  _____)

21       This case arises out of Plaintiff's conviction of drug

22  violations and subsequent release for prison upon grant of a writ of

23  habeas corpus.  Plaintiff alleges that Defendants withheld

24  exonerating evidence relating to the only witness against him.

25

26                         **I. Background**

27       In 2004, Plaintiff, a Mexican-American and U.S. citizen, was

28  arrested and charged with five counts of drug violations.  (Compl.

(#1) at ¶ 5.)  Guadalupe Cortez ("Cortez"), a convicted drug felon, was the only witness against Plaintiff and allegedly "cut a deal" with Defendants to testify against Plaintiff in exchange for probation.  (Id.)  Cortez had an extensive criminal history under the alias Jorge Algarin.  (Id. at 7.)  Defendants had in their possession fingerprints of Cortez under both of his aliases. However, in spite of a court order to do, Defendants failed to disclose to Plaintiff Cortez's entire criminal history, depriving Plaintiff of a fair trial, and resulting in a ten to twenty-five years prison sentence.  (Id. at 8.)

Plaintiff was incarcerated in Nevada State Prison for four and a half years.  (Id. at 9.)  During this time, Plaintiff made repeated written request to Defendants for information pertaining to Cortez, which Defendants failed to provide.  (Id. at 9.)  Plaintiff eventually obtained information proving that Cortez and Jorge Algarin were the same person.  (Id. At 10.)  With this new evidence, Plaintiff successfully petitioned the state court for a writ of habeas corpus and was released from prison on December 2, 2008. (Id. at 11.)

Plaintiff filed his complaint (#1) on December 1, 2010, asserting six claims for relief arising under 42 U.S.C. § 1983 for deprivation of his Fourteenth Amendment rights to due process and equal protection.

On March 14, 2011, Defendant Washoe County filed a Motion to Dismiss or in the Alternative, Motion for More Definite Statement (#8).  Plaintiff filed his Response (#20) on May 5, 2011.

2

1    Defendants City of Reno and Colby Palmer ("Palmer") also filed
2  a Motion to Dismiss (#9) on March 14, 2011.  Plaintiff responded
3  (#20) on May 5, 2011 and Defendants replied (#25) on May 16, 2011.

4    On March 15, 2011, Defendant Heidi Poe filed a Motion for More
5  Definite Statement (#11).

6    Plaintiff filed an ex parte Motion for Service by Publication
7  (#12) with regard to Defendants K.M. Lorenzo ("Lorenzo"), Jennifer
8  Reichelt ("Reichelt"), and Cortez.  Defendants Lorenzo and Reichelt
9  responded (#13) on April 1, 2011, and filed a concurrent Motion to
10 Dismiss (#13) for failure to serve within the allotted time period.
11 Plaintiff replied (#17) on April 14, 2011 and responded (#17) to the
12 Motion to Dismiss (#13) for lack of service.

13   On April 6, 2011, Plaintiff filed a Motion to Amend Complaint
14 (#15).  Defendants City of Reno and Palmer responded (#18) on April
15 21, 2011.  Plaintiff replied (#22) on May 5, 2011.

16   On November 18, 2011, the Court dismissed (#30) the action
17 without prejudice as to Defendant Cortez for failure to serve.  On
18 November 23, 2011, Plaintiff filed a Motion for Reconsideration
19 (#32) of that Order (#30).

20
21                          **II. Discussion**
22 **A. Defendants Palmer and the City of Reno's Motion to Dismiss (#9)**
23   Courts engage in a two-step analysis in ruling on a motion to
24 dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp.
25 v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-
26 conclusory allegations as true. Iqbal, 129 S. Ct. at 1949.

27
28                                3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

     After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

     Defendants Palmer and the City of Reno contend that Plaintiff's claims against them should be dismissed because Plaintiff's claims are barred by the statute of limitations.  Title 42 U.S.C. § 1983

4

1  does not contain a statute of limitations; instead, federal courts
2  apply the forum state's statute of limitations for personal injury
3  claims.  Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (citing
4  Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)). The State of Nevada
5  has two separate sections dealing with the statute of limitations
6  for personal injury claims, and they both provide for two years.
7  See NEV. REV. STAT. § 11.190(4)(c),(e).

8       Under the applicable Nevada statute of limitations, Plaintiff
9  had two years within which to commence his section 1983 claim.
10 Plaintiff commenced the action on December 1, 2010.  Plaintiff
11 argues that the statute began to run on December 2, 2008, when he
12 was released from prison upon grant of a writ of habeas corpus due
13 to Defendants' failure to disclose exonerating evidence.  However,
14 the statute of limitations begins to run when a potential plaintiff
15 knows or has reason to know of the asserted injury.  Action
16 Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d
17 1020, 1026-27 (9th Cir. 2007) (citing De Anza Props. X, Ltd. v. Cty.
18 of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991)).  If Plaintiff
19 was released from prison on December 2, 2008, then Plaintiff
20 necessarily knew or had reason to know of Defendants' alleged
21 withholding of exonerating information prior to that date.  Although
22 it is not entirely clear from the facts alleged, it appears that the
23 statute began to run when Plaintiff obtained proof that Cortez and
24 Jorge Algarin were the same person.  Accordingly, the statute had
25 necessarily run by the time Plaintiff filed his complaint on
26
27
28                                  5

December 1, 2008.  For this reason, Plaintiff's claims arising under section 1983 are time-barred as to all Defendants.

**B. Plaintiff's Motion to Amend Complaint (#15)**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires."  In general, amendment should be allowed with "extreme liberality."  <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708 712 (9th Cir. 2001) (quoting <u>Morongo Band of Missions Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)).  However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

As discussed above, Plaintiff's suit is time-barred because Plaintiff did not file a complaint before the running of the two-year statute of limitations.  As such, the amended complaint would not survive a Rule 12(b)(6) motion to dismiss for the same reason the current complaint cannot survive a motion to dismiss.  The Court therefore finds that amendment would be futile and Plaintiff's motion must be denied.

## IV. Conclusion

Plaintiff failed to file his complaint within the applicable statute of limitations.  As such, this action must be dismissed against all Defendants with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants City of Reno and Colby Palmer's Motion to Dismiss (#9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Washoe County's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (#8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Heidi Poe's Motion for More Definite Statement (#11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by Publication (#12) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants K.M. Lorenzo and Jennifer Reichelt's Motion to Dismiss (#13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (#29) to be served by email is **STRICKEN** as it is not a proper topic for a motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (#32) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the action shall be **DISMISSED WITH PREJUDICE**.

1        The Clerk shall enter judgment accordingly.

2

3

4   DATED: December 13, 2011.

5                                                    *Edward C. Reed.*

6                                                  UNITED STATES DISTRICT JUDGE

7

8   3:10-cv-00748-ECR-VPC
    Rosales-Martinez v. Palmer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      8