UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO ROSALES MARTINEZ, | Case No. 3:10-cv-00748-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| COLBY PALMER, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights based on allegations of failure to disclose material exculpatory and impeachment evidence in his criminal trial as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Plaintiff filed his First Amended Complaint ("FAC") with leave of court after the Ninth Circuit Court of Appeals reversed this Court's earlier dismissal order. *Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014).

There are essentially three groups of defendants named in the FAC who have filed motions seeking dismissal, a more definite statement, or to strike Plaintiff's response: (1) the State of Nevada, Aaron Hurley, K.M. Lorenzo, Jennifer Reichelt, Mark Smith, and Mark Woods ("State Defendants"); (2) Washoe County and the Washoe County District Attorney's Office ("County Defendants"); and (3) the City of Reno, the Reno Police Department, Colby Palmer, and Rick Ayala ("City Defendants"). State Defendants filed a Motion to Quash Service of Process and Motion to Dismiss (dkt. no.

104)[1] and a Motion to Strike Plaintiff's Opposition to Motion to Quash Service of Process and Motion to Dismiss (dkt. no. 106). County Defendants also filed a Motion to Dismiss Amended Complaint ("County Defendants' Motion") (dkt. no. 71), and a Motion to Strike Opposition to Motion to Dismiss Amended Complaint (dkt. no. 98). City Defendants filed a Motion to Dismiss First Amended Complaint (dkt. no. 77). Additionally, Defendant Heidi Poe filed a Renewed Motion for More Definite Statement (dkt. no. 61).

Plaintiff has filed a motion for extension of time (dkt. no. 76) to respond to County Defendants' Motion (dkt. no. 71) and an Application for Entry of Default (dkt. no. 110).

## II.     BACKGROUND

### A.     Relevant Facts

The following background facts are taken from Plaintiff's FAC.  (Dkt. no. 57.)

Plaintiff alleges that he was charged with, and convicted of, offenses related to drug transactions in his criminal case ("Criminal Case"). Defendants Colby Palmer, Mark Ayala, and John Doe officers with the Reno Police Department orchestrated Plaintiff's arrest by offering a convicted felon — Gaudalupe Cortez, who had been arrested for trafficking in controlled substances — probation in exchange for becoming a confidential informant and delivering someone else who could be charged with drug offenses at least equal to the charges that Cortez faced. (*Id.* at 9-10.) As part of the deal, Cortez solicited Plaintiff, his "friend of several years," to act as a "middleman" in connection with several drug transactions that led to Plaintiff's arrest and charge. (*Id.*)

Plaintiff asserted an entrapment defense in his Criminal Case. (*Id.* at 12.) The Court granted his counsel's motion to disclose the name and criminal history of the confidential informant (Cortez), but the prosecution only disclosed limited information about Cortez's criminal history (consisting of one conviction for drug trafficking) and withheld information about Cortez's various aliases and extensive criminal history under

---

[1]Defendant Heidi Poe joined in State Defendants' Motion to Dismiss.

at least eight different aliases. (*Id.* at 1, 10-11.)  Plaintiff, his counsel, and the prosecutor all referenced Cortez by his alias of Jorge Algarin at trial. (*Id.* at 11.) Plaintiff alleges, based upon information and belief, that Defendants knew "at that time that Cortez had a much lengthier criminal history under several aliases." (*Id.* ¶ 35.) Plaintiff's counsel subpoenaed Cortez to testify at trial, but Cortez failed to appear. (*Id.* at 14.) The prosecutor used Cortez's disappearance against Plaintiff at trial and called witnesses from the Department of Parole and Probation (who are named defendants in this case) to offer testimony about Cortez's positive character. (*Id.* at 13-14.) As a result, Plaintiff was convicted of four out of five counts, including two counts of Trafficking in a Controlled Substance, one count of Unlawful Giving Away of a Controlled Substance and one count of Possession of a Controlled Substance. (*Id.* at 16.) Plaintiff was sentenced to 10 to 25 years for one count of Trafficking in a Controlled Substance, 24 to 48 months for the second count, and 12 to 36 months for one count of Unlawful Giving Away of a Controlled Substance, all to be served concurrently. (*Id.* at 15-16.)

While in custody, Plaintiff "continued to request Cortez's criminal record and evidence proving that Cortez and Jorge Algarin were in fact the same person." (*Id.* at 16.)  In February 2006, in connection with his petition for writ of habeas corpus, Plaintiff obtained information from the Washoe County Sheriff's Office verifying that Cortez and Joe Algarin-Martinez were the same person. (*Id.* at 17.) On July 2, 2008, through Plaintiff's efforts, the Department of Parole and Probation disclosed a Supplemental Presentence Investigation Report that detailed Cortez's extensive criminal history. (*Id.*)

On December 2, 2008, "the state habeas court vacated [Plaintiff's] original convictions on the grounds of cumulative error." (*Id.* at 18.) To avoid a possible retrial, Plaintiff pled guilty to one of the original counts — Unlawful Giving Away of a Controlled Substance in violation of NRS § 453.321 — and was sentenced to time served. (*Id.* at 18-19.)  Plaintiff was in custody for more than four years.  (*Id.* at 3.)

Plaintiff alleges that Defendants either had or should have had possession of the suppressed evidence of Cortez's criminal history and were "deliberately indifferent [to]

3

or recklessly disregarded their constitutional obligation[s] to disclose that evidence." (Dkt. no. 57 at 20.) Plaintiff alleges that the actions of the Reno Police Department and its officers, the Department of Parole and Probation, and the prosecuting attorneys violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

### B. Procedural History

On December 1, 2010, Plaintiff filed his initial Complaint in this Court. (Dkt. no. 1.) The Court dismissed Plaintiff's claims as untimely, finding that the applicable two-year statute of limitations period begins to run on a § 1983 claim when a plaintiff knew or had reason to know that his claims had accrued. (Dkt. no. 33.) The Ninth Circuit Court of Appeals reversed, clarifying that the limitations period did not begin to run until the underlying conviction was invalidated. *Rosales-Martinez*, 753 F.3d at 895-96. The Ninth Circuit further directed this Court to give Plaintiff the opportunity to amend his claims against the City of Reno and Washoe County to properly assert municipal liability. *Id.* at 897. The Ninth Circuit also rejected Palmer's argument that the complaint failed to allege that he acted with deliberate indifference or reckless disregard. *Id.*

After remand, the Court gave Plaintiff leave to amend his Complaint. (Dkt. no. 56.) In the FAC, Plaintiff asserts three counts under 42 U.S.C. § 1983: count I alleges violations of Plaintiff's constitutional rights under *Brady v. Maryland,* 373 U.S. 83 (1963); count II asserts violations of Plaintiff's rights due to the failure to disclose impeachment evidence under *Giglio v. United States,* 405 U.S. 150 (1972); and count III alleges violations of Plaintiff's civil rights. Defendants have separately moved to dismiss these claims.

### III. STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels

4

and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

///

## IV. DISCUSSION

### A. Records Outside of the Pleading

County Defendants ask the Court to consider the exhibits attached to their Motion. Plaintiff does not oppose this request. (Dkt. no. 88 at 7.)

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There are three exceptions to this rule: (1) a court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The latter two exceptions apply to exhibits 71-3 through 71-7 of County Defendants' Motion. They are records filed in the Criminal Case: minutes of proceedings titled "Evidentiary Hearing" (dkt. no. 71-3); a Stipulation to Vacate Convictions (dkt. no. 71-4); a Guilty Plea Memorandum (dkt. no 71-5); an Order granting the Stipulation to Vacate Convictions (dkt. no. 71-6); and an Amended Judgment (dkt. no. 71-7). The Court, however, declines to consider the transcript of trial testimony in the Criminal Case (dkt. no. 71-2), on which County Defendants rely to suggest that certain factual allegations should be construed in their favor.[2] (*See* dkt. no. 71 at 5-7.)

The judicially noticed public records in Plaintiff's Criminal Case clarify the resolution of Plaintiff's state petition for writ of habeas corpus and guilty plea.[3] In the

---

[2] For the same reason, the Court declines to take judicial notice of documents attached to Plaintiff's opposition brief.

[3] The Ninth Circuit took judicial notice of the three filings that evidence the resolution of Plaintiff's Criminal Case and petition for writ of habeas corpus (i.e., Stipulation to Vacate Convictions, Guilty Plea Memorandum, and minutes of a hearing). *Rosales-Martinez*, 753 F.3d at 893-95.

Stipulation to Vacate Convictions signed on December 2, 2008, Plaintiff and the state agreed that his conviction "[was] vacated based on the cumulative errors ground as alleged in [Plaintiff's] petition." (Dkt. no. 71-4.) In exchange, Plaintiff agreed to plead guilty to one count of Unlawful Giving Away of a Controlled Substance and to withdraw his petition for writ of habeas corpus with prejudice. (*Id.*; dkt. no. 71-5.) The court in the Criminal Case entered an order vacating Plaintiff's convictions "based on the cumulative errors ground as alleged in [his habeas] petition." (Dkt. no. 71-6.) The state agreed to recommend that the court impose a sentence of time served, to dismiss all other charges with prejudice, and to not retry Plaintiff. (Dkt. nos. 71-4, 71-5.) The court imposed a sentence of time served and gave Plaintiff credit for 501 days of time served. (Dkt. no. 71-7.) The court's amended order was *nunc pro tunc* to September 28, 2004. (*Id.*)

### B.   § 1983 Claims

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's first two counts are based on Defendants' failure to disclose exculpatory and impeachment information material to his defense, as required under *Brady* and *Giglio*, and in violation of his constitutional right to a fair trial. (Dkt. no. 57 at 19–23.) In *Brady* and *Giglio*, the Supreme Court imposed a duty on the government to "provide exculpatory evidence to a criminal defendant." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). "*Brady/Giglio* information includes 'material . . . that bears

7

on the credibility of a significant witness in the case.'" *Id.* (quoting *United States v. Brumel-Alvarez,* 991 F.2d 1452, 1461 (9th Cir.1993), *amending* 976 F.2d 1235 (9th Cir. 1992)). "The obligation under *Brady* and *Giglio* is the obligation of the government, not merely the obligation of the prosecutor." *Id.* at 393. The duty to disclose exculpatory evidence extends to prosecutors as well as police officers. *Tennison v. City & Cty. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2008).

Plaintiff has generally alleged sufficient facts to state a claim under § 1983 in counts I and II. He alleges violations of his constitutional rights established in *Brady* and *Giglio*, and he alleges that Defendants acted under the color of state law. However, the Court declines to address whether the FAC sufficiently states a claim against each of the specific Defendants because the Court finds that the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), must be addressed as a threshold question at this stage of the proceedings.

County Defendants and City Defendants ask the Court to address whether Plaintiff's claims are barred by *Heck* because Plaintiff stands convicted of one count for which he was originally convicted. (Dkt. no. 71 at 18-22; dkt. no. 77 at 13-16.). Plaintiff counters that he is not challenging his conviction, but rather the "process that was used" to obtain his conviction. (Dkt. no. 88 at 2, 40-41.) However, as the Ninth Circuit succinctly posited, Plaintiff's "outstanding conviction raises the question whether Rosales-Martinez's § 1983 action is barred by *Heck's* holding that '[a] claim for damages [based] on a conviction or sentence that has not been so invalidated is not cognizable.'" *Rosales-Martinez,* 753 F.3d at 897 (quoting *Heck*, 512 U.S. at 487) (alterations in original). The Ninth Circuit further suggested that "[t]he viability and scope of Rosales-Martinez's § 1983 claim, in relation to *Heck v. Humphrey* and pursuant to *Jackson* should be evaluated by the district judge on remand." *Id.* at 899.

The Court is thus faced with the difficult task of evaluating a complex issue without the benefit of any meaningful counterarguments on behalf of Plaintiff. Plaintiff's opposition brief contains mostly recitations of case law and legal arguments that are not

very helpful to the Court in evaluating this threshold question. The Court will therefore refer this matter to the Court's Pilot Pro Bono Program for the purpose of identifying counsel to assist Plaintiff with addressing the threshold question of whether his § 1983 claims are barred under *Heck v. Humphrey.* The Court will defer ruling on this issue until it is fully briefed. Accordingly, the Court declines to address the remaining arguments as to the legal sufficiency of Plaintiff's allegations until this threshold issue is resolved.

### C. Entities that Cannot be Sued

County Defendants argue that the Washoe County District Attorney's Office is a department of Washoe County and is not suable. (Dkt. no. 71 at 10.) City Defendants similarly argue that the Reno Police Department is a department of the City of Reno and is not an entity that may be sued. The Court agrees. A department of a municipal government, such as the Washoe County District Attorneys' Office and the Reno Police Department, may not be sued in its departmental name absent some statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) ("The State of Nevada has not waived immunity on behalf of its departments of political subdivisions."). Defendants Washoe County District Attorney's Office and the Reno Police Department are therefore dismissed.

### D. Motions Regarding County Defendants' Motion

Plaintiff moved for an extension of time of thirty (30) days to respond to County Defendants' Motion. (Dkt. no. 76.) He titled his motion "ex parte" but the certificate of service shows that it was served on County Defendants' counsel. County Defendants opposed Plaintiff's extension request on several grounds, including the contention that any amendments to name individual deputy district attorneys would be futile. (Dkt. no. 79.) Plaintiff's request for a thirty-day extension is not an unreasonable request. Plaintiff's motion (dkt. no. 76) is granted *nunc pro tunc*.

County Defendants have also moved to strike Plaintiff's response because it was untimely filed and it exceeds the Court's limit on the length of briefs. Since the Court granted Plaintiff's extension request, his response was timely filed. LR 7-4 limits the

length of response brief to thirty (30) pages. Plaintiff's response is fifty-nine (59) pages in length, not including exhibits.[4] (Dkt. no. 88.) While Plaintiff is proceeding *pro se*, he nevertheless must comply with the applicable procedural rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). However, the Court will not impose the more drastic sanction of striking Plaintiff's response this time.

### E.  Motions Regarding State Defendants

State Defendants, other than Heidi Poe, have moved to quash service of process. (Dkt. no. 104.) Plaintiff served the individual State Defendants by serving the Office of the Attorney General. (Dkt. nos. 80, 81, 82, 83, 84.) The Court agrees with State Defendants that it is improper to serve them by serving the Attorney General's Office. These individuals must be served (1) personally, (2) by leaving a copy of the summons and complaint at their usual place of residence with someone of suitable age, or (3) by delivering a copy to their authorized agent. Fed. R. Civ. P. 4(e)(2); Nev. R. Civ. P. 4(d)(6). State Defendants' request to quash service of process (dkt. no. 104) is therefore granted. The motion is granted without prejudice to Plaintiff to allow him to seek an extension to effectuate proper service, depending on how the Court resolves the threshold question under *Heck v. Humphrey.*

Plaintiff has also moved for entry of default against State Defendants. (Dkt. no. 110.) Heidi Poe has made an appearance (dkt. nos. 61, 104), and, as noted above, service of process on the remaining State Defendants was ineffective. For these reasons, Plaintiff's application for entry of default (dkt. no. 110) is denied.

State Defendants also ask the Court to strike Plaintiff's opposition to their Motion to Quash for violating the Court's warning that the practice of having an attorney ghostwrite Plaintiff's filings is inappropriate. (Dkt. no. 106.) Plaintiff disputes this characterization. (Dkt. no. 107.) The Court declines to strike Plaintiff's response.

///

///

---

[4] Plaintiff filed an identical response to City Defendants' Motion. (Dkt. no. 90.)

However, the Court reminds Plaintiff of his obligations to comply with the Court's orders, the Court's Local Rules, and the Federal Rules of Civil Procedure.

### V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions addressed in this Order.

It is therefore ordered that: (1) Plaintiff's motion for extension of time (dkt. no. 76) is granted *nunc pro tunc*; (2) County Defendants' motion to strike (dkt. no. 98) is denied; (3) State Defendants' motion to strike (dkt. no. 106 is denied; (4) State Defendants' motion to quash service of process (dkt no. 104) is granted; and (5) Plaintiff's application for entry of default ( dkt. no. 110) is denied.

It is further ordered that County Defendants' motion to dismiss (dkt. no. 71) is granted in part and denied in part.  It is granted with respect to the request to dismiss the Washoe County District Attorney's Office. It is further ordered that City Defendants' motion to dismiss (dkt. no. 77) is granted in part and denied in part. It is granted with respect to the request to dismiss the Reno Police Department. It is further ordered that Defendant Heidi Poe's motion for a more definite statement (dkt. no. 61) is denied.

The denial of the these previous three motions (dkt. nos. 61, 71, 77) is without prejudice to these Defendants to reassert the arguments that the Court did not address after the Court resolves the threshold question of whether Plaintiff's § 1983 claims are barred under *Heck v. Humphrey.* The Court will issue a separate order referring this case to the Court's Pilot Pro Bono Program for the purpose of identifying counsel to assist Plaintiff with addressing this threshold question.

DATED THIS 21st day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE