UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PEDRO ROSALES-MARTINEZ,

          Plaintiff,

v.

COLBY PALMER, et al.,

          Defendants.

Case No. 3:10-cv-00748-MMD-VPC

ORDER

I. **SUMMARY**

This action concerns a convicted felon's *Brady-* and *Giglio*-based § 1983 claims as well as his Fifth Amendment-based § 1983 claim against the City of Reno, Reno Police Department, Washoe County District Attorney's office, and a variety of individuals, many of whom were associated with these three entities (collectively "Defendants").[1] After granting in part and denying in part County Defendants' motion to dismiss (ECF No. 71) and City Defendants' motion to dismiss (ECF No. 77), and denying Defendant Heidi Poe's motion for a more definite statement (ECF No. 61), the Court ordered further briefing on the threshold issue of whether Plaintiff's claims are barred under *Heck v. Humphrey*, 512

---

[1] In the Court's September 21, 2015 Order ("Dismissal Order") (ECF No. 115), the Court divided Defendants who had filed motions seeking dismissal into three groups: (1) State Defendants (state of Nevada, Aaron Hurley, K.M. Lorenzo, Jennifer Reichelt, Mark Smith, and Mark Woods); (2) Count Defendants (Washoe County and Washoe County District Attorney's Office); and (3) City Defendants (City of Reno, Reno Police Department, Colby Palmer, and Rick Ayala).

U.S. 477 (1994). (ECF No. 118.) The Court has reviewed Defendant Washoe County's Opening Brief in support of *Heck* Bar ("Opening Brief") (ECF No. 121), Defendant Heidi Poe's Joinder to Washoe County's Brief (ECF No. 122), Defendants City of Reno, Rick Ayala, and Colby Palmer's (collectively, "the City of Reno") Supplemental Brief in support of their motion to dismiss ("Supplemental Brief") (ECF No. 123), and Plaintiff's corrected Omnibus Response to Defendants' various briefs (ECF No. 131).

For the reasons discussed below, the Court finds that Counts I and II of Plaintiff's First Amended Complaint ("FAC") are not *Heck*-barred but that Count III is *Heck*-barred.

## II. BACKGROUND

A thorough overview of the facts and procedural history leading up to specific Defendants' motions to dismiss and motion for more definite statement may be found in the Dismissal Order. (ECF No. 115 at 2-4.)[2] There, the Court stated, "The denial of these previous three motions (ECF Nos. 61, 71, 77) is without prejudice to these Defendants to reassert the arguments that the Court did not address after the Court resolves the threshold question of whether Plaintiff's § 1983 claims are barred under *Heck v. Humphrey*." (ECF No. 115 at 11.) This Court then ordered that pro bono counsel be appointed for Plaintiff in order to resolve this threshold issue which may bar Plaintiff's claims. (ECF No. 116, 117.)

Plaintiff asserts three claims for relief. Count I alleges that Defendants violated Plaintiff's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by "willfully or with deliberate indifference or reckless disregard for their obligations to Plaintiff under *Brady*" suppressing evidence of Cortez's criminal history. (ECF No. 57 at 20.) Count II alleges that Defendants violated Plaintiff's rights under *Giglio v. United States*, 405 U.S. 150 (1972), by being deliberately indifferent to or recklessly disregarding evidence that Plaintiff could have been used to impeach prosecution witnesses who described Cortez as a model probationer. Count III alleges that the "sentence imposed by the state court

---

[2]The Dismissal Order also dismissed the Washoe County District Attorney's Office and the Reno Police Department as parties to this action. (ECF No. 115 at 11.)

1 pursuant to [Plaintiff's] guilty plea to the Nevada crime of unlawful giving away of a controlled substance violates the constitutional guarantee against multiple punishments" because the sentence of time served was unconstitutional "to the extent that the sentence exceeded the 36 months that [Plaintiff] had fully served for that same crime." (*Id.* at 23-24.) Plaintiff specifically states in the FAC that he is not challenging his guilty plea or the conviction for the crime of unlawful giving away of a controlled substance pursuant to that plea or the 36 months he served for that crime. (*Id.* at 24.) Rather, he is challenging his sentence of time served as unconstitutional to the extent it exceeds the 36-month sentence originally imposed for the crime of unlawful giving away of a controlled substance. (*Id.* at 24-25.)

**III.   DISCUSSION**

As a preliminary matter, after the Ninth Circuit issued its opinion reversing this Court's first dismissal order (ECF No. 42), Plaintiff filed a petition for rehearing on the issue of whether all four or only three of the counts in his original conviction had been vacated. (ECF No. 131-4 at 4.)[3] The Ninth Circuit denied Plaintiff's petition for rehearing but ordered that "[t]he issues raised in the petition may be raised before the district court on remand." (ECF No. 43 at 1; ECF No. 131-5 at 2.) A review of the record clearly shows that all four counts of Plaintiff's 2004 conviction ("first conviction") were vacated, and therefore Plaintiff's first conviction was vacated in its entirety. [4]

///

---

[3]The Court takes judicial notice of documents from the state court proceedings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (finding that a court may take judicial notice of matters of public record where the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them).

[4]Defendants state in their Opening Brief that only three of the four counts in the original conviction were held invalid (ECF No. 121 at 11); however, the proffered documents show that convictions on all four counts were vacated. (*See* ECF No. 121-5 at 2 ("This matter coming before the Court on a Writ of Habeas Corpus and Upon stipulation by Counsel for State and Counsel for Defendant to *vacate the prior Judgment of Conviction.*") (emphasis added); *see also* ECF No. 121-2 at 2 ("Petitioner's *convictions* in this case are vacated based on the cumulative errors ground as alleged in the petition") (emphasis added); *see also* ECF No. 131-16 at 8 (in the post-conviction state court hearing, the judge stated that "if the court follows this stipulation, or this agreement, then all the convictions on the four counts will be vacated or taken away").)

3

## A. Relevant Law

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (emphasis in original and footnotes omitted).

*Brady* dictates "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Evidence is considered "material" where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The rule also applies to evidence "known only to police investigators and not to the prosecutor." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). *Giglio* violations are an outgrowth of *Brady*. In *Giglio*, the Supreme Court found that the reliability of a given witness may be determinative of an accused's guilt or innocence; therefore, the failure to disclose evidence that may be used to impeach the witness's credibility falls within the ambit of "material evidence" under *Brady. See Giglio,* 405 U.S. at 154.

The appropriate remedy for a *Brady* or *Giglio* violation is usually a new trial. *US v. Kohring*, 637 F.3d 895, 913 (9th Cir. 2011). As a result, when a state prisoner alleges a *Brady* or *Giglio* violation under § 1983, a determination by the district court that the prisoner was denied his right to exculpatory or impeachment evidence and thus denied

his right to a fair trial would necessarily demonstrate the invalidity of the prisoner's conviction that resulted from those violations. *See Skinner v. Switzer*, 562 U.S. 521, 536-37 (2011). Therefore, *Heck* requires that *Brady*- or *Giglio*-based § 1983 claims be brought only after the conviction allegedly caused by the *Brady* and *Giglio* violations has been invalidated. *See Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014).

### B. Counts I and II

In Washoe County's Opening Brief, they argue that Plaintiff is "challenging the validity of his ongoing conviction" because his sentence of time served "evidences a continuous validity to a portion of his original conviction and sentence, and an inconsistency between it and a § 1983 claim." (ECF No. 121 at 8, 11.) For the reasons stated below, this argument fails on Counts I and II.

As an initial matter, there is no "ongoing conviction" here; rather, there are two distinct convictions. Plaintiff's first conviction on all four counts resulted from a jury verdict in 2004 and was ultimately vacated in 2008 in an Amended Judgment issued by the state district court. (ECF No. 121-5.) Plaintiff's second conviction on the count of unlawful giving away of a controlled substance resulted from a plea agreement with the prosecution in 2008. (*See id.* at 2.) The punishment for Plaintiff's second conviction was a sentence of time served, backdated *nunc pro tunc* to the prior date of judgment.[5] (*See id.* at 2-3.)

Plaintiff's first conviction was clearly held to be invalid for purposes of *Heck*. The City of Reno asserts that because Plaintiff chose to withdraw his habeas petition and

---

[5]The City of Reno argues that because the Amended Judgment, which was issued December 2, 2008, was dated *nunc pro tunc* to September 28, 2004 this shows that "there are [not] two discrete events of conviction in this case," and that the "legal effect here is that Plaintiff is deemed, from the time of his single criminal trial, to have been guilty of the one count to which he pled guilty." (ECF No. 123 at 5.) However, the phrase *nunc pro tunc* was used in the Amended Judgment specifically to justify the imposition of a sentence of time served for Plaintiff's second conviction. Without this phrase and backdate, any sentence imposed for the second conviction would require Plaintiff to be imprisoned for a term going forward from December 2, 2008. Thus, the use of *nunc pro tunc* merely allowed the court to impose a sentence, thereby entering judgment, on December 2, 2008 that had the same legal effect as if the sentence had been imposed and this judgment entered on September 28, 2004. *See* Nunc Pro Tunc, Black's Law Dictionary (10th ed. 2014). The phrase in no way upheld the validity of the original conviction.

5

accept a plea agreement this suggests a continuing validity to a portion of Plaintiff's first conviction. (ECF No. 123 at 4.) The fact that the habeas petition was withdrawn is irrelevant for purposes of *Heck*. The manner in which Plaintiff's first conviction was vacated is sufficient to meet the example of "declared invalid by a state tribunal authorized to make such a determination," 512 U.S. at 487, because the Amended Judgment clearly vacated all four counts, including the count Plaintiff ultimately pled guilty to, on the basis that the conviction on all four counts was the result of the "cumulative errors ground as alleged in "[Plaintiff's] petition." (ECF No. 121-5 at 2.)

Moreover, for purposes of *Heck*, the prosecution's intent is irrelevant when the record clearly establishes that a conviction has been rendered invalid. The City of Reno argues that it was the prosecution's intent to preserve a portion of the original conviction. (ECF No. 123 at 5.) Such intent is not express, nor can it be implied from the records. If the parties had, in fact, intended to preserve Plaintiff's first conviction on the count of unlawful giving away of a controlled substance, the stipulated agreement and Amended Judgment would have clearly stated that only three of the four counts of Plaintiff's first conviction were to be vacated. That a conviction stands is not an insignificant matter and the absence of any explicit reference to a conviction remaining shows that it was vacated. Moreover, it is inconsistent with *Heck* and common sense to agree to vacate a conviction on the basis of possible or actual constitutional errors committed by the prosecution, permit a plaintiff to then plead guilty to one of the original counts in lieu of being re-tried and potentially convicted on all four counts (even where no *Brady* or *Giglio* violations would occur in a second trial), and then argue that the first conviction the prosecution agreed to vacate is somehow still valid.

In addition, recent case law clearly compels a finding that Counts I and II are not *Heck*-barred because the basis of the first conviction is distinct from the basis for the second conviction. For example, in *Jackson v. Barnes*, the plaintiff was re-tried and convicted in a second trial after his first conviction was reversed on appeal. 749 F.3d at 758. The Ninth Circuit found that the *Heck* bar was inapplicable because the plaintiff was

6

challenging the use of evidence at his first trial that was obtained in violation of his *Miranda* rights, and this evidence was not used in his second trial. *See id.* at 758, 762.

Here, Plaintiff is similarly challenging the prosecution's failure to disclose evidence at his first trial in violation of his rights under *Brady* and *Giglio*. Neither this evidence nor the lack of disclosure was implicated or used in connection with Plaintiff's second conviction. This is because Plaintiff's second conviction was based on the decision to plead guilty to one count of unlawful giving away of a controlled substance in order to avoid trial and to be immediately released from prison.

Equally instructive is the Second Circuit's finding in *Poventud v. City of New York*, 750 F.3d 121 (2d. Cir. 2014), which the *Jackson* court relied upon. There, the plaintiff's initial conviction for attempted murder was vacated because of a *Brady* violation, but he subsequently pled guilty to the lesser charge of attempted murder. 750 F.3d at 124-25. The Second Circuit found that the plaintiff's *Brady*-based § 1983 claim was not *Heck*-barred because the plaintiff "was aware of the undisclosed exculpatory material prior to his guilty plea." *Id.* at 124-25. Thus, the court determined that the plaintiff's second conviction was not tainted by the *Brady* violation and was thus "clean," meaning that any judgment in favor of the plaintiff on his § 1983 claim would not invalidate his second conviction. *Id.* at 136.

While this case is distinguishable insofar as the state district court did not explicitly find a *Brady* or *Giglio* violation in vacating Plaintiff's first conviction, Plaintiff was clearly aware of the undisclosed exculpatory and impeachment evidence prior to entering into a guilty plea that resulted in the second conviction.[6] Plaintiff's second conviction is similarly not tainted by the alleged *Brady* and *Giglio* violations that occurred at his first trial, and any judgment in favor of Plaintiff on his § 1983 claims in Counts I and II would not invalidate his second conviction, as Plaintiff's second conviction is in no way based on the same alleged constitutional violations that resulted in his first conviction. *See also*

---

[6]In their Opening Brief, Washoe County relies on the misconception of an "ongoing conviction" to argue that Plaintiff's case is distinguishable from *Jackson*, 749 F.3d 755, and *Poventud,* 750 F.3d 121. (ECF No. 121 at 9-12.)

7

*Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001) (finding that §1983 claims for supposedly illegally-obtained evidence would not call into question the validity of the plaintiffs' convictions under *Heck* where those convictions were based on pleas of *nolo contendre* and did not result from the use of the any illegally-obtained evidence).

Because Plaintiff's success on the merits of his *Brady* or *Giglio* claims would not imply the invalidity of his second conviction, *Heck* does not bar Counts I or II.

### C. Count III

Defendants argue that Plaintiff's case is *Heck*-barred to the extent that Plaintiff is challenging his guilty plea by challenging a portion of the period he was incarcerated. (*See* ECF No. 121 at 13.) The Court agrees that Plaintiff may not challenge any portion of his incarceration for time served or seek damages for the time served beyond the 36 months to which he was originally sentenced for unlawful giving away of a controlled substance.

The sentence of 36 months was vacated when the state district court vacated Plaintiff's first conviction. (*See* ECF No. 121-5.) In the Amended Judgment, the court signed the opinion *nunc pro tunc*, backdating the second conviction's sentence to September 28, 2004 (the date the original judgment was entered). Thus, Plaintiff's subsequent guilty plea to unlawful giving away of a controlled substance resulted in a new sentence of time served. This sentence completely replaced the prior sentence of 36 months, which had been vacated when Plaintiff's first conviction on the count of unlawful giving away of a controlled substance was vacated. As a result, challenging any portion of the sentence of time served, including by seeking damages for any portion of that sentence,[7] implicitly challenges the validity of Plaintiff's second conviction. For these reasons, Count III is barred by *Heck*.

---

[7]While Plaintiff may not recover any actual or compensatory damages for the time he served beyond the 36-month sentence imposed for his first conviction on the count of unlawful giving away of a controlled substance, Plaintiff's request for punitive damages (*see* ECF No. 57 at 22) may be granted if he prevails on the merits of his *Brady-* and/or *Giglio*-based § 1983 claims and if other required factors are met. *See Jackson,* 749 F.3d at 762 (the Ninth Circuit found that the plaintiff could still be entitled to punitive or nominal damages if he prevailed on the merits of his *Miranda*-based §1983 claim).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Court's decision.

It is therefore ordered that Plaintiff may proceed with Counts I and II as they are not barred by *Heck.* It is further ordered that Count III be dismissed without prejudice.

DATED THIS 28th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE