UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO ROSALES-MARTINEZ,<br><br>                Plaintiff,<br>    v.<br>COLBY PALMER, *et al.*,<br><br>                Defendants. | Case No. 3:10-cv-00748-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

This action concerns a protracted matter currently embodied as Plaintiff Pedro Rosales-Martinez's Second Amended Complaint ("SAC") asserting three claims for relief under 42 U.S.C. § 1983. (ECF No. 157.) Two of the claims—counts I and II—are for Defendants' alleged failure to comply with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), to disclose exculpatory and impeachment evidence in Plaintiff's criminal trial. (*Id.* at 23–27.) Plaintiff brings the action against three groups of defendants who have filed motions seeking dismissal from counts I and II: (1) City of Reno ("City"), the Reno Police Department, and its officers Detective Colby Palmer ("Palmer") and Police Officer Rick Ayala ("Ayala") (collectively, "City Defendants")[1]; (2) Washoe County and Washoe County District Attorney's Office (collectively, "County Defendants"); and (3) various individuals working for the Nevada

///

---

[1] Plaintiff improperly characterizes informant Guadalupe Cortez, discussed *infra*, as a City employee.

Department of Public Safety, Division of Parole and Probation—Aaron Hurley, K.M. Lorenzo, Jennifer Reichelt, Mark Smith, Mark Woods, and Heidi Poe (collectively, "State Defendants"). (*See generally* ECF No. 157.)

This Court will not consider the Plaintiff's lawsuit as to individual Defendants on whom service has not been properly effectuated—all State Defendants, except Poe[2]. (*See* ECF No. 115 at 10.) Nor will the Court consider the lawsuit as to entities that the Court previously dismissed upon noting they cannot be sued—Washoe County District Attorney's Office and the Reno Police Department. (*Id.* at 9). Additionally, the Court will not consider count III because the Court previously found that this count "is *Heck*[3]-barred." (ECF No. 133 at 2, 9.)

Before the Court are three motions to dismiss. (ECF Nos. 159, 160, 161.) The Court has reviewed the SAC relative to the remaining Defendants and claims, the motions to dismiss, Plaintiff's response (ECF No. 166), and Defendants' replies (ECF Nos. 168, 170, 173).

Additionally before the Court is Washoe County's motion to strike the SAC (ECF No. 158), associated response (ECF No. 164) and reply (ECF No. 165).

For the reasons discussed below, the Court denies the motion to strike (ECF No. 158), grants Washoe County's and Heidi Poe's motions to dismiss (ECF Nos. 159, 160), and grants in part, and deny in part, City Defendants' motion to dismiss (ECF No. 161).

///

---

[2]In the Court's order dealing with Plaintiff's first amended complaint ("FAC"), the Court quashed defective service as to all named State Defendants. (ECF No. 225 at 10). The Court did however allow Plaintiff an extension to effectuate proper service. (*Id.*) But, the state notes that Poe remains "the only defendant affiliated with the State of Nevada who has been served and who is currently a party to this action." (ECF No. 160 at 1 n.1.) Plaintiff does not respond to this averment. (*See* generally ECF No. 166.) Accordingly, the Court dismisses the SAC as asserted against all individually named State Defendants, and solely discusses *infra* Poe's motion to dismiss.

[3]*Heck v. Humphrey*, 512 U.S. 477 (1994) (concluding that a prisoner who has fully exhausted available state remedies has no cause of action under 42 U.S.C. § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by a grant of a writ of habeas corpus).

## II. RELEVANT BACKGROUND[4]

Plaintiff filed his First Amended Complaint ("FAC") in this matter after the Ninth Circuit issued its opinion—*Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014)—reversing this Court's first dismissal order. (ECF No. 42.) A thorough review of the facts and procedural history leading up to the remaining Defendants' motions to dismiss may be found in the Court's September 21, 2015 order ("FAC Dismissal Order"). (ECF No. 115 at 2–4.) In the FAC Dismissal Order, this Court made the following rulings:

> Plaintiff has generally alleged sufficient facts to state a claim under § 1983 in counts I and II. He alleges violations of his constitutional rights established in *Brady* and *Giglio*, and he alleges that Defendants acted under color of state law. However the Court declines to address whether the FAC sufficiently states a claim against each of the specific Defendants because the Court finds that the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), must be addressed as a threshold question at this stage of the proceedings.

(*Id.* at 8.)

At the time, Plaintiff was proceeding *pro se*, and the Court found it would be helpful to provide Plaintiff with assistance to respond to the *Heck* issues. (*Id.* at 8–9.) The Court subsequently ordered that pro bono counsel be appointed for Plaintiff in order to resolve the threshold issue which may have been a bar to Plaintiff's claims. (ECF No. 116, 117.) After reviewing the *Heck* issue and the parties' associated briefing, the Court found, as noted above, that Plaintiff's count III was "*Heck*-barred," but counts I and II were not likewise barred. (ECF No. 115 at 2, 9.)

The SAC presently before the Court involves two pertinent claims for relief. Count I alleges that all Defendants violated Plaintiff's rights under *Brady*, by "willfully or with deliberate indifference or reckless disregard for their obligations to [Plaintiff] under Brady" by suppressing evidence of criminal informant Guadalupe Cortez's criminal history. (ECF No. 157 at 23.) Plaintiff notes the criminal history was favorable to him as both exculpatory and impeachment evidence in his criminal case, and was material to his only defense of

///

---

[4]The following facts are derived from the operative complaint, *see infra* at 5, or are established by public records, unless otherwise indicated.

3

entrapment. (*Id.* at 23–24.) Count II alleges that all Defendants violated Plaintiff's rights under *Giglio* by being deliberately indifferent to or recklessly disregarding evidence that Plaintiff could have used to impeach prosecution witnesses who described confidential informant Guadalupe Cortez (aka Joe Algarin) as a model probationer, among other things, and suppressed Cortez's criminal history. As to each of these counts, Plaintiff asserts:

> As a direct and proximate result of the unconstitutional actions, omissions, customs, policies and procedures Defendants as to each of them [Plaintiff's] civil rights were violated and [he] is entitled to damages, penalties, costs and attorneys' fees, if any, and punitive damages against each and every defendant.

(*Id.* at 25–26, 27.)

### III. MOTION TO STRIKE THE SAC (ECF NO. 158)

Washoe County moves to strike the SAC under Rule 11 of the Federal Rules of Civil Procedure. It contends that the SAC is deficient because it names Plaintiff "as appearing in proper person and having a signature line only for plaintiff in that capacity." (ECF No. 158 at 2.) The County points out that Attorney Louis E. Humphrey represented Plaintiff at the time that the SAC was filed, and thus was required to sign it and append the information required by Rule 11(a). (*Id.*; *see also* ECF No. 164 at 4; ECF No. 157 (connecting the SAC's filing to "Humphrey, Louis").)

Plaintiff opposes the motion to strike, arguing "by and through" his counsel Mr. Humphrey that the SAC is "virtually word for word" the FAC (ECF No. 57), spliced with the allegations against Poe that Plaintiff improperly brought in his more definite statement (ECF No. 75). (*See* ECF No. 164 at 2–5.) Plaintiff posits that the SAC is therefore essentially a *pro se* document that only required his signature. (*Id.*)

The Court disagrees with Plaintiff's position. Rule 11(a) requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition to the signature, an attorney or unrepresented party "must state the signer's address, e-mail address, and telephone number." *Id.* It carries its own

4

sanction for noncompliance, requiring a court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"—as in this case (*see* ECF No. 158 at 2). *Id.* Therefore, the only instances in which a plaintiff's personal signature suffices is where he is unrepresented. That is not the case here. Mr. Humphrey represented Plaintiff at the time Plaintiff filed his SAC, therefore Mr. Humphrey was required to sign the SAC and append the information required by Rule 11.

However, in the Court's discretion it declines to grant the motion to strike. The filing absent Mr. Humphrey's signature amounts to a mere technical defect, neither in bad faith nor prejudicial or misleading to Defendants. Further, the Court will deem the SAC the operative complaint without providing for leave to amend to add Mr. Humphrey's signature and information because Defendants have already responded to the SAC by filing motions to dismiss, and it would not be resourceful or economical to force the parties to refile their documents which would essentially be the same. Moreover, the Court will not liberally construe the SAC going forward because the Court considers the SAC to have been filed by Plaintiff as represented by Mr. Humphrey.

For these reasons, the Court denies the motion to strike.

**IV.    MOTIONS TO DISMISS THE SAC (ECF NOS. 159, 160, 161)**

**A.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a

///

complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Ordinarily, a complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)). But, allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir.1990). Where "matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion is to "be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b).

There are three exceptions to this rule: (1) a court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them," *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

**B. Discussion**

**1. Relevant Law**

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

As noted, Plaintiff's first two counts are based on Defendants' failure to disclose exculpatory and impeachment information material to his defense, as required under *Brady* and *Giglio*, and in violation of his constitutional right to a fair trial. (ECF No. 157). In *Brady* and *Giglio*, the Supreme Court imposed a duty on the government to "provide exculpatory evidence to a criminal defendant." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). "*Brady/Giglio* information includes 'material . . . that bears on the credibility of a significant witness in the case.'" *Id.* (quoting *United States v. Brumel-Alvarez,* 991 F.2d 1452, 1461 (9th Cir.1993), *amending* 976 F.2d 1235 (9th Cir. 1992)). "The obligation under *Brady* and *Giglio* is the obligation of the government, not merely the obligation of

the prosecutor." *Id.* at 393. The duty to disclose exculpatory evidence extends to prosecutors as well as police officers. *Tennison v. City & County. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2008).

**2. Remaining Municipal Defendants—The City and Washoe County**

Plaintiff asserts violations of *Brady* and *Giglio* against Washoe County and the City.[5] While municipalities are not entitled to sovereign immunity and may be held liable under § 1983, municipalities cannot be held liable under § 1983 on a respondeat superior theory. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff can only establish municipal liability by demonstrating that the government had a deliberate policy, custom or practice that was the moving force behind the constitutional violation. *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978)); *see also Bd. of Cty. Comm'rs*, 520 U.S. at 403 ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to *identify* a municipal "policy" or "custom" that caused the plaintiff's injury.") (citations omitted) (emphasis added).

> Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of Cty. Comm'rs*, 520 U.S. at 403–04.

Here, beyond his conclusory allegations of violations of policies and customs, Plaintiff has identified no particular policy by either Washoe County or the City. Neither has he specifically identified an appropriate acting policy decisionmaker whose actions

///

---

[5]In evaluating the viability of the SAC as against the municipal Defendants for the purposes of the motions to dismiss, the Court considers only the SAC, and refuses to entertain the "*pro se* filings" that Plaintiff purports supports his claims against the municipalities. (*See* ECF No. 166 at 13–16 (mostly concerning a single deputy district attorney withholding *Brady* information in this and other case(s)). This deputy attorney is not named in the SAC, nor does the SAC alleged that the District Attorney knew of or approved the attorney's alleged violations.)

8

may be said to be those of either municipality (*see* ECF No. 157 at ¶ 81.) Moreover, many of the relevant allegations of policy or custom violations extends only to Plaintiff's case (*id.* at ¶¶ 11, 13, 15, 16, 28, 58, 60, 74, 79). *But see Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ("A single instance is not sufficient to show that a "practice is so widespread as to have the force of law."). Finally, beyond his case, Plaintiff's asserts an allegation solely against Washoe County for following its unidentified policy in another case (*id.* at ¶ 75). This much is insufficient at this stage. Neither is the statement that the District Attorney's office has been involved in numerous unspecified civil rights violations over the years particularly relevant to the practice or custom issue (*id.*). Accordingly, Washoe County and the City are dismissed from this action because in his SAC Plaintiff fails to identify a policy, custom, or "widespread" practice for which these municipalities must account.

### 3. Remaining City Defendants—Detective Palmer and Police Officer Ayala[6]

"[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).

The gist of the SAC as pertaining to *Brady* and *Giglio* and concerning Ayala and Palmer is as follows: they, acting as officers in the Reno Police Department, among other defendants, failed to disclose the informant's name, aliases, true identity, and criminal history (ECF No. 157 at ¶¶ 2, 39, 41, 74, 84, 94) and knew that the informant "had a much lengthier criminal history under several aliases" (*id.* at ¶ 54). Plaintiff also asserts that Palmer and Ayala failed to conduct any investigation into the informant (*id.* at ¶ 42).

As the Court must accept Plaintiff's allegations as true, the Court finds that Plaintiff asserts cognizable claims against Ayala and Palmer to withstand a Rule 12(b)(6)

///

---

[6]Again, the Court considers only the SAC, and not Plaintiff's other "pro se filings" (ECF No. 166 at 18.)

9

challenge. Taken as true, the information that Ayala and Palmer either knew about the informant's criminal history and other aliases and/or failed to disclose that they had insufficiently investigated the informant's criminal background and history undoubtedly would have been invaluable exculpatory and impeachment *Brady/Giglio* evidence in Plaintiff's criminal case, especially given the defense of entrapment.

Because the Court has concluded Plaintiff has asserted allegations against Ayala and Palmer, the Court now discusses the City Defendants' additional arguments for dismissal of the claims. First, City Defendants argue that Ayala's inclusion as a named party in the FAC does not relate back to the original complaint (ECF No. 1).[7] (ECF No. 161 at 8–10; ECF No. 173 at 5–6.) Second, they argue that a lack of diligence by Plaintiff bars his *Brady* claim. (*See* ECF No. 161 at 15–16; ECF No. 173 at 6–7.) The Court disagrees.

As to the relation back challenge, City Defendants specifically argue that to the extent that Plaintiff's amended pleadings do not relate back to the date of the original pleading, they are time-barred. (ECF No. 161 at 8.) However, the claims in FAC relate back to the date original pleading. Rule 15(c)(1)(B) provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." It is unquestionable the allegations asserted against Ayala "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Moreover, the Court's decision regarding amendment of a pleading is discretionary, and Rule 15 has a policy of favoring amendments to pleadings to facilitate decision on the merits rather than dismissal on technicalities. *See, e.g.*, *Eldridge v. Block*,
///

---

[7]The Court also need not take notice of the related documents for which City Defendants seek notice relative to this argument, as such documents are inconsequential to the Court's ruling. (*See* ECF No. 173 at 5.)

1  832 F.2d 1132, 1135 (9th Cir. 1987). The Ninth Circuit has directed that this policy "should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). The "policy is applied even more liberally to pro se litigants[]"—which Plaintiff was at the time of the FAC— unless it is clear amending the complaint would be futile. *Eldridge*, 832 F.2d at 1135–36. Given the Court's finding that Plaintiff has alleged viable allegations against Ayala, it is clear Plaintiff's amendment was not vain. Accordingly, even if Ayala's addition as a named defendant to the FAC was late, he will not be dismissed from this lawsuit. City Defendants do not assert—perhaps because they cannot—that Ayala would be prejudiced by defending on the merits of this action because he did not receive notice of the action (*see* ECF No. 161 at 8–10), and its disputed whether Ayala should have known he would be brought into the action (ECF No. 166 at 18–19). Nor do they contend that Plaintiff failed to amend his claim within the timeframe during which he was allotted to amend the original complaint. The Court is not wavered from its ruling by the City Defendants' additional argument that Ninth Circuit's direction that Plaintiff should be provided an opportunity to amend his complaint was limited to the then existing defendants, and thus excluded Ayala who was not a named party at the time. (ECF No. 161 at 10.)

City Defendants' position that Plaintiff failed to exercise proper diligence to obtain the informant's complete criminal history and therefore cannot bring a *Brady* claim is also unavailing. (*See* ECF No. 161 at 15–16; ECF No. 173 at 6–7.) Whether Plaintiff could have done more to obtain the informant's criminal issue to render him adequately "diligent" is an issue of fact barring dismissal. Plaintiff contends that he would not have been able to "obtain the . . . criminal history without the [s]tate providing it." (ECF No. 166 at 17.) Accordingly, the Court denies dismissal on this basis as well.

### 4. State Defendant Poe

Poe seeks dismissal from the SAC, arguing that she is absolutely immune from suit for preparing presentence reports ("PSI") for the state court, and therefore Plaintiff cannot sue her. (ECF No. 160.) The Court agrees because all claims Plaintiff asserts against Poe

in his SAC (ECF No. 157 at ¶¶ 7, 12, 13, 14, 28, 29, 59, G (prayer for relief)) are related to her preparation of the relevant PSI. (*See also* ECF No. 166 at 7–14.) *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986) (standing for the proposition that probation officers preparing presentence reports for a court are entitled to absolute immunity from damages in actions brought under § 1983). The Court finds unsupportable (legally and factually) Plaintiff's position that Poe is not entitled to immunity in this case because the PSI she prepared—and which is at issue—was sought in a "wholly different context[,]" "more akin to" police investigation. (*See* ECF No. 166 at 21.) The case cited by Plaintiff to support this argument—*Swift v. California*, 384 F.3d 1184, 1191 (9th Cir, 2004)—is inapposite. More importantly, *Swift* does not purport to limit *Demoran* regarding the delineation of preparing a PSI pursuant to state statutory duty as a judicial function. Poe is dismissed from the SAC.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the motion to strike the SAC (ECF No. 158) is denied.

It is further ordered that Washoe County's motion to dismiss (ECF No. 159) is granted. It should be reflected that the Court had previously dismissed the Washoe County District Attorney's Office (ECF No. 115 at 9).

It is further ordered that City Defendant's motion to dismiss (ECF No. 161) is granted in part, and denied in part. It is granted as to the City of Reno. It is denied as to the remaining City Defendants—Detective Palmer and Officer Ayala. It should also be reflected that the Court had previously dismissed the Reno Police Department (ECF No. 115 at 9).

///

///

It is further ordered that the sole remaining State Defendant's—Heidi Poe—motion to dismiss (ECF No. 160) is granted. All claims against Poe are dismissed with prejudice.

DATED THIS 7th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE